**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 1:25-cv-21913**

YOSAHIRA COLEMAN, INC.,

Plaintiff,

v.

CENTURY SURETY COMPANY,

Defendant.
_______________________________________/

**DEFENDANT'S, CENTURY SURETY COMPANY, NOTICE OF REMOVAL**

Defendant, CENTURY SURETY COMPANY ("Century"), by and through undersigned counsel with full reservation of rights including all defenses permitted by Rule 12 of the Federal Rules of Civil Procedure and all other jurisdictional, procedural, and venue defenses as well as defenses to the merit of this action, hereby files with this Court, pursuant to 28 U.S.C §1332, §1441 and §1446, a Notice of Removal to this Court of a civil action filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida as Case No: 2025-002528-CA-01 (the "State Court Action") in which Century has been named as Defendant, and states:

1. Plaintiff, YOSAHIRA COLEMAN, INC. ("Plaintiff"), has filed an action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, naming Century as Defendant.

2. On April 16, 2025, Century received a copy of Plaintiff's Amended Complaint, the operative complaint setting forth Plaintiff's claim for relief. Service of the initial Complaint was

effective upon Century on March 31, 2025.[1] A copy of Plaintiff's Amended Complaint is attached hereto as **Exhibit "A."**

3. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, orders, and other papers and exhibits on file in the State Court Action, including all process, pleadings and orders served upon Century, are attached hereto as **Composite Exhibit "B"**.

4. Plaintiff, Yosahira Coleman, Inc., is a citizen of the State of Florida as it is incorporated in the State of Florida and has its principal place of business in Miami, Florida. *See* www.sunbiz.org Detail for Yosahira Coleman, Inc. and the 2024 Florida Profit Corporation Reinstatement filed by Yosahira Coleman, Inc. with the Secretary of State on April 24, 2024, attached hereto as **Composite Exhibit "C."**

5. Defendant, Century, is an Ohio corporation with its principal place of business in Michigan. Century is therefore deemed a citizen of Ohio and Michigan for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1). Accordingly, there is complete diversity of citizenship between Plaintiff, a citizen of Florida, and Century, a citizen of Ohio and Michigan.

6. Plaintiff's Amended Complaint consists of one count for breach of contract against Century relating to an insurance claim made by Plaintiff under its commercial lines insurance policy with Century involving property damage due to a loss which allegedly occurred on December 1, 2020 due to a water and sewage backup. *See* Ex. A, ¶ 7.

7. Plaintiff's Amended Complaint alleges that it is seeking in excess of $50,001.00. However, on January 23, 2025, Plaintiff filed a Property Insurance Notice of Intent to Initiate Litigation ("NOI") with the Florida Department of Financial Services, pursuant to section

---

[1] On March 31, 2025, the summons and initial Complaint was served on London Underwriters, LLC, the insurance broker listed in the subject insurance policy. The parties have agreed that service upon Century was effective on March 31, 2025.

627.70152, Florida Statutes, as to the insurance claim which is the subject of Plaintiff's Amended Complaint. A copy of the NOI is attached hereto as **Exhibit "D."** In the NOI, Plaintiff estimates $100,000.00 in damages sustained to the subject property as a result of the alleged loss and makes a pre-suit settlement demand of $110,000.00, inclusive of attorney's fees. *Id.* Thus, as evidenced by Plaintiff's NOI, the amount in controversy as of the filing of this Notice is well in excess of $75,000.00.

8. In addition, Plaintiff's Amended Complaint seeks an award of statutory attorney's fees and costs which presumably include attorney's fees incurred as of the filing of the lawsuit as Plaintiff would not demand fees that have not yet been incurred. *See* Ex. A. Thus, the amount of reasonable attorneys' fees expected to have been incurred by Plaintiff as of the date of removal is also to be included in the amount in controversy. "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). Further, "[a] court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." *See Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 751 (11th Cir. 2010); *Rogatinsky v. Metro. Life Ins. Co.,* 09–80740–CIV, 2009 WL 3667073, at *2 (S.D. Fla. 2009) (the amount of attorney's fees is calculated at the time of removal for jurisdictional purposes). Therefore, based upon the Plaintiff's claim in excess of $75,000.00, including Plaintiff's claim for statutory attorneys' fees at the time of removal, there can be no doubt that the $75,000.00 jurisdictional threshold has been met.

9. This Court has original jurisdiction of this matter pursuant to 28 U.S.C §1332(a), as there is complete diversity of citizenship between the Plaintiff and the Defendant, and the

amount in controversy exceeds $75,000.00. Removal of this matter is therefore proper under 28 U.S.C. §1441.

10. The Defendant, Century, was served with the initial Complaint on March 31, 2025. Thus, the Notice of Removal is being filed within thirty (30) days of Century being served with a copy of the initial pleading setting forth the claim for relief upon which this action is based, as required by 28 U.S.C §1446(b).

11. Pursuant to 28 U.S.C §1446(d), a copy of the Notice of Removal is being properly filed with the Clerk of the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and served on counsel for Plaintiff.

12. Because the property which is the subject of the lawsuit and the subject of Plaintiff's insurance claim is located in Miami, Florida (Ex. A, ¶ 6) and the Amended Complaint was filed in Miami-Dade County, Florida, the Miami Division is the appropriate division for this case.

WHEREFORE, the Defendant, Century Surety Company, submits that this Notice and Petition for Removal be deemed good and sufficient, and that the aforesaid action be removed from the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida, Miami Division, for further proceedings.

Dated: April 28, 2025

Respectfully submitted,

**SIMON, REED & SALAZAR, P.A.**

*/s/ Jennifer V. Ortega*
MICHAEL SIMON
Florida Bar No. 0062790
JENNIFER V. ORTEGA
Florida Bar No. 0028228
Two Datran Center - Suite 1209

9130 S. Dadeland Blvd.
Miami, Florida 33156
Tel.: (305) 670-0776
Email: msimon@simonreedlaw.com
Email: jortega@simonreedlaw.com
*Counsel for Century Surety Company*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served electronically with the Clerk of Court using CM/ECF on this 28th day of April, 2025.

By: */s/ Jennifer V. Ortega*

**SERVICE LIST**

Andrew P. McDonald, Esq.
McDonald & Barnhill, P.A.
505 S. Magnolia Avenue
Tampa, FL 33606
eservice@mcdonaldbarnhill.com
*Counsel for Plaintiff*